IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROB CORABI,

       Plaintiff,

vs.                                              No. 14-CV-01081-MV-LAM

ENIPC, INC.,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Eight Northern Indian Pueblos Council, Inc.'s ("ENIPC") Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to Exhaust Tribal Court Remedies [Doc. 6]. Corabi filed a Response [Doc. 8] and ENIPC replied [Doc. 10]. The Court, having considered the Motion, briefs, attached materials, relevant law, and being otherwise fully informed, finds that the Motion is well-taken and therefore will be **GRANTED.**

### BACKGROUND

Virtually no factual background is required to dispose of this matter definitively. On November 27, 2014, Plaintiff filed a "Complaint for Wrongful Termination and Breach of Contract" predicated entirely on state law. *See generally* Doc. 1. In the Complaint, Corabi alleges that "Plaintiff is a resident of Bernalillo County, State of New Mexico" and that "Defendant is an incorporated entity under the laws of the State of New Mexico with a registered agent in Bernalillo County, State of New Mexico." *Id.* ¶¶ 1-2. Facially, Plaintiff has plead himself out of federal jurisdiction.

## DISCUSSION

### I. Local Rules 7.1(b) and 7.4(a)

As a threshold matter, Defendant contends that Plaintiff's Response [Doc. 8] was not timely filed and, therefore, that the "Court should strike Plaintiff's Response and grant Defendant's Motion to Dismiss" pursuant to Local Rule 7.1(b).  *See* Doc. 10 at 2.  Defendant appears to labor under two common misapprehensions of the rules.  First, while Local Rule 7.4(a) provides that a "response must be served and filed within fourteen (14) calendar days after service of the motion," D.N.M.LR-Civ.7.4(a), computation of this deadline must be understood in conjunction with Federal Rules of Civil Procedure 5(b) and 6(d).  These rules combine to add three days to time periods where service is made in one of several ways, including, as here, by electronic means.  *See* Fed. R. Civ. P. 5(b), 6(d).  Second, despite the apparently definitive phrasing of Local Rule 7.1(b), it is settled law in this circuit that a court may not grant a dispositive motion merely because an opponent fails to respond.  *See, e.g.*, *Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) ("even if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").  Thus, the Court will address itself to the merits of Defendant's motion.

### II. Federal Subject Matter Jurisdiction

It is a foundational assumption of American jurisprudence that "'[f]ederal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946 (10th Cir. 2014) (quoting *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013)).  Consequently, the party invoking jurisdiction bears the burden of demonstrating that this Court has the authority to

adjudicate the case before it.  *See Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) ("a party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence.").

Each of Corabi's two causes of action is a creature entirely of state law without even the remote specter of a federal question behind it.  Indeed, even in his Response, Plaintiff merely argues that some federal employment laws "appl[y] to tribal businesses," not that *any* of these statutes governs his claim or *in any way* bears on this matter.  Doc. 8 at 3.  None does.  It is readily apparent that Plaintiff's claims are grounded in common law contract or tort, rather than any federal statute, such that there is no federal question at issue.  *See generally* Doc. 1.

Consequently, the only possible basis for subject matter jurisdiction in this case is diversity.  *See Rivera v. Fast Eddie's, Inc.*, 829 F. Supp. 2d 1088, 1090 (D.N.M. 2011) (noting that for a federal district court to have original jurisdiction over a case, it must involve either "a federal question or diversity of citizenship").  *See also* 28 U.S.C. § 1332.  The diversity statute contains two independent criteria, both of which must be met for this Court to exercise jurisdiction.  *See Anderson v. Lehman Bros. Bank, FSB*, 528 F. App'x 793, 795 (10th Cir. 2013) ("Diversity jurisdiction, the basis for removal here, exists when the amount in controversy requirement is met and the parties are completely diverse.").  First, the amount in controversy in the action must exceed $75,000.  28 U.S.C. § 1332(a).  Second, the parties must be completely diverse.  This, in turn, requires that "the citizenship of all defendants must be different from the citizenship of all plaintiffs."  *McPhail v. Deere & Co.*, 529 F.3d 947, 950 (10th Cir. 2008).

Here, Plaintiff has been "hoist[ed] with his own petard."  *Hamlet* (3.4.202-209).  Not only has Corabi failed to establish that the parties are diverse, but also, he has alleged facts precisely to the contrary.  That is, even if this Court were to look no farther than Plaintiff's

3

Complaint, his pleading makes clear in its first two paragraphs that both the Plaintiff and the Defendant are citizens of New Mexico.  *See* Doc. 1 ¶¶ 1-2.  This conclusion is reinforced by reference to the articles of incorporation attached by ENIPC, which confirm that it is, in fact, a New Mexico corporation.  *See generally* Doc. 6-1.  *See also* 28 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated…"); *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995) ("A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).").  Thus, this Court lacks subject matter jurisdiction over this case and must dismiss the action.

## CONCLUSION

The parties to this case are both citizens of New Mexico.  Therefore, the parties are not diverse and this Court lacks subject matter jurisdiction over the case.

**IT IS THEREFORE ORDERED** that ENIPC, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, for Failure to Exhaust Tribal Court Remedies [Doc. 6] is **GRANTED.**

Dated this 10th day of April, 2015.

```
                                          _____
                                          MARTHA VÁZQUEZ
                                          UNITED STATES DISTRICT JUDGE
```

4